```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

PAUL LOUIS A.,                       :
                                     :
   plaintiff,                        :
                                     :
v.                                   :  CASE NO. 3:19-cv-1616(RAR)
                                     :
MARTIN O'MALLEY,                     :
COMMISSIONER OF                      :
SOCIAL SECURITY,                     :
                                     :
   defendant.                        :
```

## RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

Paul Louis A. ("plaintiff") has moved for an award of attorney fees pursuant to 42 U.S.C. § 406(b). Plaintiff's counsel is seeking $25,540.00, which is twenty-five percent of the past due Social Security benefits paid to plaintiff. (Dkt. #58-1 at 4 and #61 at 1.) The Commissioner, in his limited role in this type of proceeding, does not support or object to the motion. (Dkt. #59 at 2.)

As background, plaintiff's counsel filed the instant action seeking judicial review of an adverse decision by an Administrative Law Judge("ALJ") after a denial of benefits. (Dkt. #1.) The Court granted plaintiff's motion to reverse and remand the decision to the Social Security Administration ("SSA") for further proceedings. (Dkt. #20.) Following remand and an additional hearing before an ALJ, plaintiff received two

Notices of Award from the Social Security Administration dated September 22, 2021. (Dkt. #26-2 at 4-10.)  The Notices of Award, taken together, indicated that the SSA had withheld $25,552.00, which represents 25% of the past due benefits to which plaintiff was entitled, along with 25% of the past due benefits to his minor child.  (Dkt. #26-2 at 1-2.)  Thereafter, plaintiff's counsel timely filed a motion for attorney fees, followed by a motion for an extension of time to amend the motion for fees in light of errors in the Notices of Award that needed to be addressed.  (Dkt. #26 and #27.)[1] Once final determinations were made, plaintiff filed an amended motion for attorney fees with the fee amount lowered to $24,540.00.  (Dkt. # 58.)

In evaluating a motion for attorney fees in the Social Security context, "Congress capped contingency fees at twenty-five percent of the claimant's past-due benefits and charged courts with ensuring that resulting fees are 'reasonable.'"

---

[1] After the first motion for an extension of time to amend the motion for attorney fees, plaintiff filed 14 other motions seeking similar extensions.  As stated by plaintiff's counsel, the initial extensions were to correct errors in the Notices of Award, and the remaining extensions were to provide the Social Security Administration ("SSA") time to determine the proper administrative fees payable to plaintiff's counsel for time spent before the administration under 42 U.S.C. §406(a).  The Court notes that while plaintiff's counsel has received fees for administrative work performed while litigating at SSA, attorney fees pursuant to § 406(a) are separate and not considered in the §406(b) fee determination.  See Culbertson v. Berryhill, 586 U.S. 53 (2019)(Holding that SSA §406(b) fees are subject to a 25% cap for representation before the court, not a 25% cap on the aggregate fee for work before the SSA and the court.).

Fields v. Kijakazi, 24 F.4th 845, 849 (2d Cir. 2022) (citing 42 U.S.C. § 406(b)(1)(A)).  In Fields, the Second Circuit articulated the now well-established "guidelines for courts conducting this reasonableness analysis, instructing [courts] to consider: a) the character of the representation and the result the representative achieved, b) whether a claimant's counsel is responsible for undue delay, and c) whether there was fraud or overreaching in the making of the contingency agreement." Fields, 24 F.4th at 849 (footnote omitted).

Additionally, "as a part of the reasonableness determination, a district court must also consider whether a requested fee would result in a 'windfall' to counsel." Id. "In determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, courts must consider more than the de facto hourly rate." Id. at 854. Rather, the court should consider the "ability and expertise of the lawyer" involved, the "nature and length of the professional relationship with claimant," the satisfaction of the client, and how uncertain it was that the case would result in an award of benefits.  Id. at 854-55.  As the Second Circuit noted, "even a high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case" Id. at 854.

In the instant case, the motion for attorney fees was timely filed following the extensions of time discussed herein.

3

Plaintiff's counsel clearly reached a positive result for the claimant and there is no evidence of any undue delay or fraud on the part of plaintiff's counsel.  Additionally, the requested amount is equal to, but does not exceed 25% of the award of benefits.  In evaluating the relevant factors regarding the reasonableness of the award, the Court finds that the requested fee would not constitute a windfall.  Plaintiff's counsel is experienced and skilled in the area of Social Security disability appeals, having practiced since 1980, and regularly represented claimants before this Court.  Plaintiff's counsel has expended 64.70 hours of time in representing the plaintiff in federal court and the corresponding hearings before an ALJ. (Dkt. #58-2 at 18-19.)  Presumably, the plaintiff, who has now been awarded benefits, was satisfied with counsels' performance in this case.  Finally, plaintiff's counsel was required to seek remand at the federal court in order to achieve this result, which demonstrates that it was uncertain that the case could result in an award of benefits.  For these reasons the Court finds that the requested award of $24,540.00, which amounts to an hourly rate of $379.29, is reasonable.

## **CONCLUSION**

Based on the foregoing, plaintiff's motion for an award of attorney's fees in the amount of $24,540.00 is GRANTED and to be paid out of the plaintiff's past-due benefit in accordance with

4

agency policy.  The Court notes, as articulated by the Commissioner in response to the motion for attorney fees, if fees withheld by the SSA are insufficient to satisfy the fees determined to be reasonable by the Court, the recovery of the balance would properly be sought from the claimant and not the SSA.  *See* Binder & Binder, P.C. v. Colvin, 818 F.3d 66, 71 (2d Cir. 2016); Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931, 933 (10th Cir. 2008).  Upon receipt of the fees awarded herein, plaintiff's counsel has indicated that she will refund to plaintiff the smaller of that fee, or the previously awarded fees under the Equal Access to Justice Act.

This is not a recommended ruling.  The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure.  Appeals can be made directly to the appropriate United States Court of Appeals from this judgment.  See 28 U.S.C. § 636(c)(3).

SO ORDERED this 17th day of October, 2024, at Hartford, Connecticut.

                                         /s/
                              Robert A. Richardson
                              United States Magistrate Judge